LOUIS FELDHAMER, PLAINTIFF-APPELLEE, v. LOUIS LIPSKY, DEFENDANT-APPELLANT.

Submitted January 30, 1933—Decided June 22, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and CASE.

For the plaintiff-appellee, *Nicholas Martini.*

For the defendant-appellant, *Heller & Boss (Aaron Heller,* of counsel).

PER CURIAM.

This is the appeal of the defendant below from a judgment entered on the verdict of a jury in favor of the plaintiff in the Passaic District Court.

The suit was to recover for certain work, labor and materials performed and furnished by the plaintiff at the request of the defendant.

Plaintiff was a plumber and was requested by the defendant owner to do the plumbing and heating work, with no specific mention of price.

The evidence quite justified the verdict of the jury for $280, after giving the defendant credit for items paid on account.

Only one question is argued for reversal and that relates to the admission in evidence of *Exhibits P-1* and *P-2* which turned out to be carbon copies of papers which the plaintiff testified he served upon the defendant and which papers show the kind and amount of work done and materials furnished and the charges therefor, and which he further testified he delivered to the defendant who conceded them to be correct and agreed to pay the same.

The state of the case as settled by the trial judge shows that "during the examination [of the plaintiff] the witness was shown a bill and was asked to read from it, item for item, the work done and the charge for the particular work, but before he started to read, counsel asked the witness whether he could testify from memory as to what work was done and he said he could. The witness then testified from memory, setting forth the work which he had performed and the materials furnished and the amount charged, stating that the total charge was $263.80 for the work and materials furnished at the poultry store. He also testified that he gave the original of the bill to the defendant, Louis Lipsky, that the defendant made no objection to the charges, that the defendant promised to pay the bill, that he paid $55 on account, that the bill was reasonable and necessary and proper and that no objection of any nature whatsoever was made by Mr. Lipsky except to say that he would pay the balance later. He also testified that the bill offered in evidence was a carbon copy

of the original, which was given to Mr. Lipsky. Upon conclusion of his testimony, counsel for the plaintiff offered the bill in evidence. Objection was made by counsel for the defendant to the offering of the bill on the ground that it was permissible to be used only to aid the witness in refreshing his recollection and since he testified that he did not need that paper, the same was not admissible in evidence. The court overruled the objection and permitted the paper to be marked in evidence as *Exhibit P-1*. Exception was duly allowed to the defendant. The plaintiff further testified that he performed other work and he furnished other materials at the home of the defendant on Tennyson Place in Passaic. He testified that he did not need the copy of the bill to refresh his recollection and testified item for item the work and materials furnished by him and that the reasonable value of the same was $69.25. He further testified that the original of the carbon copy held by him was given to Mr. Lipsky at the same time *Exhibit P-1* was given to Mr. Lipsky; that he, the defendant, made no objection to the same and promised to pay it and that the bill was reasonable, necessary and proper. Counsel for plaintiff offered this bill in evidence and counsel for defendant again objected for the same reason that he objected to *Exhibit P-1*. The court admitted the bill and marked the same *Exhibit P-2* and allowed an exception.

It will be seen that the only objection to these bills at the trial was "that it was permissible to be used only to aid the witness in refreshing his recollection, and since he did not need that paper the same was not admissible in evidence."

The argument now made for the first time that no notice to produce the originals was given we think cannot serve to reverse the judgment.

Moreover the proof was ample (as we have said) that the charges—item by item—set out in these bills were proper, necessary and reasonable, and that testimony was given independent of and without any reference to the bills, and we believe that if the introduction of the bills in evidence was technically erroneous, it was not such error as was prejudicial or harmful to the defendant.

The judgment will be affirmed, with costs.